UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GERALD ANDERSON,

                             Petitioner,

    -vs-

STEVEN R. RACETTE,

                             Respondent.

**No. 1:13-CV-00939 (MAT)**
**DECISION AND ORDER**

---

## I. Introduction

Gerald Anderson ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered July 19, 2007, in Erie County Court (Buscaglia, J.), upon his plea of guilty to one count of manslaughter in the first degree (N.Y. Penal Law § 125.20(1)). On October 18, 2007, petitioner was sentenced to a determinate prison term of twenty-two years with five years post-release supervision.

## II. Factual Background and Procedural History

Plaintiff's plea of guilty arose out of an incident in which he and three co-defendants, who had recently contracted with a couple in Buffalo for purposes of waterproofing their basement, broke into the couple's house and beat the husband, James Gilson, to death inside the home. Petitioner and his co-defendants each pled guilty to one count of manslaughter in the first degree.

Petitioner filed a direct counseled appeal to the New York State Supreme Court, Appellate Division, Fourth Department, in which he argued that (1) his plea was not knowing, voluntary, or

intelligent; (2) his waiver of the right to appeal was invalid; and (3) his sentence was harsh and excessive. In a supplemental *pro se* brief, petitioner argued that his statements were obtained in violation of the Constitution.

On December 23, 2011, the Fourth Department unanimously affirmed petitioner's judgment of conviction. See People v. Anderson, 90 A.D.3d 1475 (4th Dep't 2011), lv. denied, 18 N.Y.3d 991. The Fourth Department found that the trial court did not abuse its discretion in denying youthful offender status. Id. at 1476. The court further held that petitioner's challenge to the factual plea colloquy was unpreserved, noting that the "case [did] not fall within the rare exception to the preservation requirement." Id. (citing People v. Lopez, 71 N.Y.2d 662, 665 (1988)).

The instant petition alleges three grounds, arguing that (1) the trial court improperly denied petitioner youthful offender status; (2) his plea was not knowing and voluntary; and (3) trial counsel was ineffective.[1] For the reasons discussed below, the petition is dismissed.

### III. Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Super. Ct. for Judicial

---

[1] Although respondent's brief states that petitioner raises a claim that statements were obtained from him in violation of petitioner's constitutional rights, this is not in fact a ground raised by the instant petition.

Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

**IV. Grounds Asserted in the Petition**

    **A.    Youthful Offender Status**

Petitioner first contends that the trial court improperly denied youthful offender status, and that the Fourth Department should have exercised its "interest of justice jurisdiction" and granted petitioner such status. This claim, grounded entirely in state law, is not cognizable on habeas review and is therefore dismissed. See Jones v. Perez, No. 2015 WL 268917, *2 (W.D.N.Y. Jan. 21, 2015) (where "sentence is well-within the statutorily permitted range," a petitioner's "claim regarding the state court's refusal to afford him youthful offender status does not present a constitutional issue").

    **B.    Voluntariness of Plea**

Petitioner contends that his plea was not knowing, voluntary, or intelligent, arguing specifically that the plea colloquy was insufficient. As noted above, the Fourth Department explicitly

3

rejected this argument as unpreserved. Accordingly, this claim is barred by an adequate and independent state law ground, and is therefore dismissed. See Bennefield v. Kirkpatrick, 741 F. Supp. 2d 447, 453 (W.D.N.Y. 2010) (holding claim challenging voluntariness of plea was barred by adequate and independent state law ground where Appellate Division rejected the claim as unpreserved); Larweth v. Conway, 493 F. Supp. 2d 662, 668 (W.D.N.Y. 2007) (same).

**C. Ineffective Assistance of Counsel**

Finally, petitioner contends that trial counsel was ineffective, arguing vaguely that "counsel's performance in totality was less than meaningful representation." Doc. 1 at 8. In his traverse, petitioner states with more specificity that he was advised by counsel to plead guilty that there was a "high probability" that youthful offender treatment would be granted by the trial judge. Doc. 9 at 1. The Fourth Department found that "to the extent [petitioner's] contention that he was denied effective assistance of counsel survive[d] his guilty plea and valid waiver of the right to appeal, that contention lack[ed] merit." Anderson, 90 A.D.3d at 1477 (internal citations omitted). The Fourth Department's decision in this regard was not contrary to, nor an unreasonable application of, federal precedent.

To establish ineffective assistance of counsel for federal constitutional purposes, a defendant first must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and

4

second, that "there is a reasonable probability that, absent the errors [by counsel], the fact finder would have had a reasonable doubt respecting guilt." Strickland v. Washington, 466 U.S. 668, 687, 695 (1984). Under Strickland, the Court is required to consider alleged errors by counsel "in the aggregate." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001). In this case, plea counsel secured a sentence of 22 years, where the maximum sentence would have been 25 years. See N.Y. Penal Law § 70.00(2)(b).

It is apparent from the record, and from petitioner's plea allocution, that he received adequate representation under Strickland. Considering the heinous nature of this crime, petitioner certainly benefitted from the plea bargain. See, e.g., Migliorato v. United States, 2003 WL 22700164, *1 (S.D.N.Y. Nov. 13, 2003) ("Courts have refused to find ineffective assistance of counsel in cases where defendants have received tangible benefits from the plea agreements negotiated by counsel. Given the deference to counsel dictated by Strickland, counsel's advice to petitioner to accept the [p]lea [a]greement cannot be deemed objectively unreasonable.") (quoting Jimenez v. United States, 2001 WL 699060, *5 (S.D.N.Y. June 20, 2001) (citations omitted)). This claim is dismissed.

**VI. Conclusion**

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied and the petition (Doc. 1) is dismissed. Because petitioner has not "made a substantial showing of the

denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:    May 1, 2017
          Rochester, New York.